Law Library

**IN THE SUPERIOR COURT OF GUAM**

SUPERIOR COURT
OF GUAM

2012 JUL 18 PM 3: 22

CHRISTOPHER STAHL, )
)
    Plaintiff, )  **DOMESTIC CASE NO. DM0735-11**
)
  vs. )
)  **DECISION AND ORDER**
CARLA G. STAHL, )
)
    Defendant. )
)
_____ )

## INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on the Plaintiff's objections to the orders of the Child Support Referee, filed May 9 and 18, 2012. Oral arguments were heard on June 18, 2012. Attorney Ronald P. Moroni appeared on behalf of the Plaintiff and Attorney Joaquin C. Arriola, Jr. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On December 28, 2010, Defendant Carla G. Stahl ("Carla") filed a complaint for divorce and child custody against Plaintiff Christopher Stahl ("Christopher") in Domestic Case No. DM0842-10. A hearing for temporary child support was scheduled with the divorce and child custody action pursuant to 5 GCA § 34153. On April 22, 2011, the Child Support Referee ordered Christopher to pay $1,522.80 per month in temporary child support on the basis of the Child Support Guidelines. (Order for Temporary Child Support, 1, Jan. 13, 2012.)

On October 24, 2011, Christopher filed this second action for child custody pending resolution of the divorce and child custody action. On January 13, 2012, the Child Support Referee reaffirmed the divorce order that Christopher, "shall pay temporary child support in the amount of $1,522.80 per month...commencing April 22, 2011." (Order for Temporary Child Support, 2, Jan. 13, 2012.) Christopher and Carla did not object to these orders.

On April 30, 2012, the Child Support Referee recommended arrears in the amount of $18,479.01. (Referee's Record Log at 10:09-10:14, Apr. 30, 2012; Findings and Order, May 21, 2012.) This amount was calculated as $1,522.80 per month from the date of separation in August 2010 minus payments received. *Id.* On May 9, 2012, Christopher filed a written objection to the arrears recommendation on the grounds that child support cannot be granted before the date of the complaint pursuant to 5 GCA § 34116.1. On May 22, 2012, the Child Support Referee referred the matter to this Court for review pursuant to Rule 7.1 of the Rules for Expedited Process for the Superior Court of Guam.

On June 6 and 8, 2012, the Court entered orders to abate and dismiss this action due to the prior pending divorce action. The dismissal is effective at the conclusion of temporary summer visitation on August 1, 2012.

## DISCUSSION

As a preliminary matter, the Court finds that Christopher properly filed a written objection within ten (10) days after the arrears recommendation in open court. *See* Rules for Expedited Process for the Super. Ct. of Guam Rule 7.1. Furthermore, this action shall be dismissed on August 1, 2012, but the Court is averse to ignore an arrearage or delinquency in temporary child support payment because it may harm the best interests of the children. Finally, Christopher and Carla may obtain identical relief or modification of temporary child support in their prior pending divorce and child custody action. *See* 19 GCA § 8403. For these reasons, the Court shall address the merits of the objection pending abatement and dismissal.

Under Guam law, a child support recommendation may be appealed to the Superior Court in order to, "make a good faith effort to supervise the referee and correct any obvious errors." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 41. The obligation to pay child support may be established by an order that, "state[s] the date upon which payments are to commence." 5 GCA § 34114. The unpaid balance and interest of a support obligation, "*shall* be the arrearage," that is reduced to judgment. 5 GCA §§ 34114 and 34129 (emphasis in original). This application of arrearage under Guam law is consistent with the definition of arrears as, "[t]he state of being

behind in the payment of a debt or the discharge of an obligation." *Black's Law Dictionary* 88 (8th ed. 2006).

In this case, temporary child support in the amount of $1,522.80 per month was ordered to commence on April 22, 2011. Pursuant to 5 GCA § 34114, any unpaid amount of $1,522.80 per month after April 22, 2011 shall be the arrearage subject to judgment. On April 20, 2012, the Child Support Referee calculated arrearage from the date of separation in August 2010 and recommended a finding that Christopher is in arrears in the amount of $18,479.01. Christopher objects to this calculation and the Court must make a good faith effort to correct any obvious errors in the arrearage recommendation.

Under Guam law, the Child Support Referee may establish a retroactive temporary child support obligation. *See e.g.* 5 GCA § 34105(a)(7) and (8), 19 GCA § 5503(b), and Rules for Expedited Process for the Super. Ct. of Guam Rule 4.2. Guam law does not articulate the differences between a retroactive support obligation and an arrearage in payment. However, other jurisdictions draw a clear distinction. *See e.g. Stapleton v. Holstein*, 723 N.E.2d 164, 166-67 (Ohio App. 4 Dist. 1998) (arrearage is the amount of delinquency in payment due according to the terms of a child support order); *Milopoulos v. Milopoulos*, 691 So.2d 1199, 1200 (Fla. App. 4 Dist. 1997) (arrearage is a vested right to unpaid support under order of payment, not subject to modification, and distinct from the discretionary award of retroactive child support); *Korf v. Korf*, 553 N.W.2d 706, 711 n. 3 (Minn. App. 1996) (temporary child support order retroactive to the date of separation with finding of arrears is error as obligor is not given opportunity to pay); *Richardson on Behalf of Lanier v. Junious*, 134 Misc.2d 148, 149-50 (N.Y. Fam. Ct. 1986) (retroactive support only constitutes arrears if not paid when due).

In this case, the Child Support Referee did not enter an order for temporary child support retroactive to August 2010. Instead, the order for temporary child support commencing April 22, 2011, was calculated retroactively to August 2010 in order to determine the arrearage of due and unpaid support payments. This application contradicts the plain language of 5 GCA § 34114 that arrearage shall be the unpaid balance after support payments are to commence. Furthermore, a finding of retroactive arrearage in the absence of a retroactive support order may

create an immediate delinquency without the opportunity to be heard and in violation of due process principles. *See* 5 GCA § 34129. For these reasons, the arrearage must be calculated as the unpaid balance after payments are to commence on April 22, 2011, pursuant to the order for temporary child support.[1]

## CONCLUSION

Based upon the foregoing, Plaintiff's objection is hereby GRANTED. Pursuant to Rule 7.1 of the Rules for Expedited Process for the Superior Court of Guam, the April 30, 2012, recommended finding of arrearage and the May 21, 2012, finding and order of arrearage are hereby modified to calculate arrearage as the unpaid balance of temporary child support payments due and commencing April 22, 2011. The matter is remanded to the Child Support Referee for proceedings consistent with this opinion.

**SO ORDERED this** /8th **day of July, 2012.**

**HONORABLE JAMES L. CANTO II**
**Judge Superior Court of Guam**

Is a true and correct copy
entered on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUL 1 8 2012

Brian T. Balajadia

---

[1] In a similar manner, if Christopher's temporary support obligation is modified to apply retroactive to a prior date, any arrearage is thereafter calculated as the unpaid balance after payments are to commence under the modified support order and pursuant to 5 GCA § 34114.